UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO BARBOZA, et al.,<br><br>　　　　Plaintiffs,<br>　　v.<br>FCA US, LLC,<br><br>　　　　Defendant. | No. 2:23-cv-02314-DJC-JDP<br><br><br>ORDER |

Plaintiffs Eduardo Barboza and Joanna Castellano have filed the present action against Defendant FCA US, LLC based on allegations that Defendant knowingly sold Plaintiffs a vehicle with a transmission that contained one or more defects. After this suit was originally filed in the San Joaquin County Superior Court, Defendant removed it to this court on the basis of diversity jurisdiction. Plaintiffs now seek to have the action remanded to the state court and Defendant asks that the Court dismiss Plaintiffs' Complaint for failure to state a claim.

For the reasons stated below, Plaintiffs' Motion to Remand (Mot. (ECF No. 18)) is granted and Defendant's Motion to Dismiss (ECF No. 6) is denied as moot.

**I.　Background**

Plaintiffs allegedly entered into a warranty contract with Defendant for a 2016 Chrysler 200 vehicle. Plaintiffs claim that Defendant failed to service or repair defects

in the vehicle, most specifically a "transmission defect," despite the presence of express and implied warranties. Plaintiffs bring causes of action for violations of Civil Code sections 1793.2(a)(3), (b), and (d) as well as causes of action for fraudulent inducement and violation of the implied warranty. (Compl. (ECF No. 1-2, Ex. A) at 8–13.) Plaintiffs allege that as a result of Defendant's actions "Plaintiffs suffered damages in a sum to be proven at trial in an amount that is not less than $35,001.00." (*Id.* ¶ 33.)

Plaintiffs originally filed suit in San Joaquin County Superior Court but Defendant removed this action to federal court on the basis of diversity jurisdiction. (*See* Not. of Removal (ECF No. 1.).) Plaintiffs now move for the Court to remand this action on the grounds that Defendant has not shown that the amount in controversy requirement for diversity jurisdiction is satisfied. (*See* Mot.) Defendant separately moves to dismiss Plaintiff's Complaint for failure to state a claim. The Court must first address whether removal was proper and if it has subject matter jurisdiction over this action.

**II.   Legal Standard**

A case may be removed to federal court if that court would have original jurisdiction over the matter, which generally requires asserting federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (citation omitted)). "However, it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*, 582 F.3d at 1042 (quoting *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (citation omitted)) (internal quotation marks and alterations omitted). As a result, "[t]he 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d

564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted)).

In order for the Court to have subject matter jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship of the parties and the amount in controversy must exceed $75,000.  Where removal on the basis of diversity is challenged, the proponent of federal jurisdiction must establish by preponderance of the evidence that the amount in controversy exceeds $75,000.  *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996).

### III. Discussion

In removing this action, Defendant calculated the amount in controversy in two main steps.  First, Defendant asserted Plaintiffs' complaint sought actual damages of $30,581.98 in restitution by taking the price of the vehicle as stated in the Retail Sales Installment Contract (*see* ECF No. 1-2, Ex. E), adding the amount paid in finance charges, and subtracting the price of the optional service contract and a milage deduction as a "reasonable allowance" for use of the vehicle.  (Not. of Removal ¶ 20.) Defendant then added two times the amount of actual damages in civil penalties based on Plaintiffs' claim that they were entitled to civil penalties under the Song-Beverly Warranty Act.  (*Id.* at 21.)  Based on this, Defendant argued that Plaintiffs' complaint asserted an amount in controversy of $91,745.94.  (*Id.*)  Defendant also contended that the amount in controversy is satisfied on the face of the complaint and that the attorney's fees requested by Plaintiffs would bring this case within the $75,000.00 amount in controversy.

Plaintiffs' Motion contests whether removal was proper under diversity jurisdiction based on a failure to satisfy the amount in controversy requirement.[1]  Most relevant are Plaintiffs' factual attacks on Defendant's calculation of actual damages and attorney's fees as well as Plaintiffs' challenge to Defendant's statement that diversity is satisfied on the face of Plaintiffs' Complaint.

---

[1] Plaintiffs do not contest the parties' diversity, only the amount in controversy.

3

**A. Actual Damages**

Plaintiffs first contend that Defendant improperly calculated actual damages by using the total price of the vehicle from the Retail Sales Installment Contract to calculate Plaintiffs' actual damages. Plaintiffs argue Defendant failed to present "essential facts about the purchase price" including whether Plaintiff made all interest payments on the vehicle. (Mot. at 7.) Because section 1793.2 permits recovery based on "the actual price paid" by a purchaser, other courts have rejected calculations of actual damages based on the total cost of the vehicle where the vehicle was financed, and the defendant failed to establish by a preponderance of the evidence that all payments had been made and finance charges paid. *See Savall v. FCA US LLC*, No. 21-cv-00195-JM-KSC, 2021 WL 1661051, at *2 (S.D. Cal. Apr. 28, 2021).

Defendant argues that this would "transfer an unreasonable and impossible burden on Defendant" to determine whether Plaintiff had made all payments within the time for removal. (Opp'n (ECF No. 21) at 6.) But on removal, it is Defendant's burden to show that the Court has subject matter jurisdiction. *Sanchez*, 102 F.3d at 404. Moreover, Defendant may present evidence in response to a motion to remand establishing that removal is appropriate. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." (internal citations and quotation marks removed)). Despite the opportunity to do so in opposing the present Motion, Defendant has failed to provide any evidence that shows what portion of the purchase price Plaintiffs paid. Defendant also argues that based on the original Retail Sales Installment Contract, Plaintiff's final payment was due on September 7, 2023, and that the Court "may take the reasonable inference that the financial charges have been paid." (Opp'n at 6.) This is well beyond the "reasonable inference" that Defendant suggests. The Retail Sales Installment Contract was signed on September 7, 2016. (*See* ECF No. 1-2, Ex. E at 2.) Defendants ask the Court to assume – without

any support from the Complaint or evidence provided by Defendant – that all payments were made in the time originally proscribed in a document signed seven years before the scheduled final payment date. This ignores the multitude of possible intervening events that altered the terms of the loan and affected whether Plaintiffs have, at the time of filing this suit, paid the full original value of the vehicle. Defendant's calculation of actual damages using the full purchase price is thus unsupported by a preponderance of the evidence.

Plaintiffs also contend that the calculation of the mileage deduction is entirely speculative. Defendant calculated the mileage offset based on an assumption "that Plaintiffs will argue the first attempted repair occurred on August 14, 2018, at 32,749 miles[,]" minus the 21 miles at delivery. Defendant then divided that number by 120,000 and multiplied it by the purchase price. (Not. of Removal at 6 n.1; Opp'n at 5 n.1.) However, Defendant provides absolutely no justification for the assumption that the first attempted repair occurred on August 14, 2018. Plaintiffs' Complaint does not identify any specific date when relevant service occurred. Defendants have not provided any evidence that the service allegedly provided on August 14, 2018 was at all related to the transmission defect at issue in this action, what the mileage was at the time of the alleged service, or even that the vehicle was serviced at all on that date. The only mention of service occurring on that date that the Court can find in any document before it is this statement in the Motion which is contained within a footnote with no citation or additional context provided. In their Opposition, Defendant argues that Plaintiffs "offer no explanation as to why they disagree with Defendant's calculation and offer no proof to support that disagreement." (Opp'n at 6.) But Plaintiffs are not obligated to do either, even when engaged in a factual challenge to removal. "A factual attack . . . need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020). Again, it is Defendant's burden to show that removal is

appropriate. Defendant's calculations of the mileage offset appear to be entirely unsupported by the Complaint or any evidence.

In short, Defendant has calculated what they believe to be Plaintiffs' actual damages based on unsupported speculation regarding both the actual price paid by Plaintiffs and the mileage offset to be applied to that amount. Defendants have failed to show by preponderance of the evidence that these calculations are valid and thus they are insufficient to satisfy the amount in controversy requirement for diversity jurisdiction.

**B. Civil Penalties**

As noted, Defendant also relied on potential civil penalties of two times the actual damages to reach the amount in controversy. Civil penalties under the Song-Beverley Warranty Act are properly included within the calculation of the amount in controversy. *See Newsome v. FCA US LLC*, No. 1:20-cv-01189-JLT-BAK, 2022 WL 408631, at *5 (E.D. Cal. Deb. 10, 2022). But the calculation of these penalties is reliant on the actual damages at issue. Given Defendant's assertion that Plaintiffs' actual damages amount to $30,581.98 is unsupported, this amount cannot be used to calculate civil penalties. Defendant argues that the civil penalties can still be calculated from the statement in the Complaint that Plaintiffs "suffered damages . . . in an amount that is not less than $35,001.00[,]" by assuming that actual damages cannot be less than that amount. (Compl. ¶ 33.; *see* Opp'n at 8–9.)

District courts in California are split about whether "damages" allegations in similar cases should be read to refer to total damages or actual damages. *See Newsome*, 2022 WL 408631, at *3 (collecting cases). However, any doubt as to whether removal is appropriate must resolved in favor of remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."). Where other courts have found an allegation of minimum damages to be a reference to actual damages, they typically rely on some further

6

evidence that this is the case. Here, there is nothing in the Complaint or otherwise to indicate that the referenced damages suffered by Plaintiffs are actual damages.

Throughout the Complaint, Plaintiffs make multiple references to "actual damages" when discussing their right to civil penalties. (*See, e.g.*, Compl. ¶¶ 52–53, 59, 62.) These allegations are distinct from the relevant allegation in paragraph 33 which simply alleges that the "damages" exceed $35,001.00. (*Id.* ¶ 33.) Unlike other cases, this damages allegation is also not proximate to the civil penalty allegations within the Complaint. *See Coronel v. Ford Motor Co.*, 2020 WL 550690, at *6 (C.D. Cal. Feb. 4, 2020) (finding a "damages" allegation to refer to actual damages where the following paragraph added that the plaintiff sought additional civil penalties). Instead, the damages allegation here is found in a separate section with no clear connection to the civil penalty allegations. In reality, the $35,001.00 damages allegation seems intended to simply place this case over the amount necessary for it to qualify as an unlimited civil action in California state court. *See* Cal. Civ. Proc. Code sections 86, 88.

Thus, there is no evidence to suggest that the allegation that Plaintiffs claimed $35,001.00 in damages is a reference to actual damages. Accordingly, the Court construes Plaintiffs' statement of their damages in the Complaint as a reference to total damages. *See Rodriguez v. Ford Motor Co.*, No. 5:22-cv-01056-SSS-MAAx, 2022 WL 4653660, at *4 (C.D. Cal. Sept. 30, 2022) (finding an allegation that Plaintiff had suffered at least $25,001.00 in damages to be insufficient to establish actual damages of at least that number); *see also Mpock v. FCA US LLC*, No. 1:21-cv-00330-NONE-SAB, 2021 WL 5356472, at *8 (E.D. Cal. Nov. 17, 2021). Thus, this allegation is insufficient alone to meet the amount in controversy requirement as it encompasses both actual damages and civil penalties.

**C. Attorney's Fees**

Defendant argues that as Plaintiffs seek attorney's fees, this also can satisfy the amount in controversy requirement. Attorney's fees are properly considered as part

7

of the amount in controversy,[2] though the proponent of diversity jurisdiction "retains the burden of proving . . . the amount of future attorneys' fees by a preponderance of the evidence." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927–28 (9th Cir. 2019). Via a declaration from counsel provided with the Notice of Removal, Defendant represents that "claims for attorneys' fees through litigation commonly exceed $25,000.00." (*See* Skanes Decl. (ECF No. 1-2) ¶ 11.) Defendant also notes that counsel for Plaintiffs previously sought $108,135.31 in fees for another case of this type. (*Id.*)

As discussed above, the Complaint states that Plaintiffs suffered at least $35,001.00 in damages. This is construed by the Court to be an allegation regarding the minimum amount of Plaintiffs' total damages. The Court need not address whether Defendant's allegation that attorney's fees commonly exceed $25,000.00 is sufficient as, even if it were, $35,001.00 in damages and $25,000.00 in attorney's fees would only create $60,001.00 in controversy and not meet the $75,000.00 threshold. Defendant is thus reliant on the single allegation that Plaintiffs' Counsel previously sought $108,135.31 in attorney's fees in a "similar matter" to the present case. (Skanes Decl. ¶ 11; *see* Not. of Removal ¶ 23.) This is far too speculative to support the Court apply a similar attorney's fee in calculating the amount in controversy in this action.

Defendant has not provided any additional information on that action and the only document from that case provided by Defendant is Counsel's motion for attorney's fees. (*See* Skanes Decl. ¶ 11; ECF No. 1-2, Ex. F.) Review of that motion shows the requested attorney's fees were made following a settlement of $150,000.00, with an established total vehicle purchase price of nearly $50,000.00

---

[2] Plaintiffs incorrectly suggest that there remains a split within the Ninth Circuit about whether attorney's fees are properly included within the amount of controversy. The Ninth Circuit firmly resolved the apparent split in *Arias v. Residence Inn by Marriott*, stating that where there exists a statutory right to future attorney's fees, as they are here, *see* Civil Code section 1794(d), (e)(1), those fees should be included in assessing whether the amount in controversy requirement has been met. 936 F.3d 920, 927–28 (9th Cir. 2019).

8

(ECF No. 1-2, Ex. F at 2–4.)  Even if Plaintiffs here did pay the full amount of the vehicle in this action, their actual damages would be nearly half that of the plaintiffs in this other action.  The motion also included a request for application of a multiplier; something which is necessarily only awarded in cases outside the norm. (*Id.* at 11.) Most importantly, the Motion provided by Defendant simply establishes what Plaintiffs' Counsel <u>requested</u> the court in that action award in attorney's fees. Defendant does not include any evidence or make any representation as to what attorney's fees were actually awarded by the Court.  Even from the information within the Motion provided, it is clear that there are factual differences between the two cases that make this single comparison insufficient to establish those requested fees as applicable here.

Accordingly, the Court finds that Defendant has not met their burden to show that the attorney's fees requested in this other action would be sufficient, when added with the damages allegation, to reach the amount in controversy threshold.  *See Mpock v. FCA US LLC*, No. 1:21-cv-00330-NONE-SAB, 2021 WL 5356472, *13 (E.D. Cal. Feb. 17, 2021).

**IV.   Conclusion**

Defendant has not shown that the amount in controversy requirement has been met for diversity jurisdiction.  As such, Plaintiffs' Motion to Remand (ECF No. 18) is GRANTED and this action is REMANDED to the San Joaquin County Superior Court. Defendant's Motion to Dismiss (ECF No. 6) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **February 18, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE